HACKLER v. INTERNATIONAL TRAVELERS' ASS'N.

(Court of Civil Appeals of Texas. Texarkana. March 12, 1914.)

1. TRIAL (§ 141*)—QUESTION FOR COURT.
In an action on an accident policy, where the question for determination was whether an amendment to a by-law set up as a defense was duly adopted, and the evidence as to the adoption was without dispute, the court should decide the question as a matter of law.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

2. INSURANCE (§ 54*)—MUTUAL ACCIDENT ASSOCIATION—AMENDMENT TO BY-LAWS.
A notice sent by a mutual assessment accident association, informing the members that proposed amendments to the by-laws would be acted on at the regular monthly meeting of the directors, Saturday, December 9th, is not sufficient under Rev. St. 1911, art. 4800, declaring that before the adoption of any by-laws or amendments, the same must be mailed to all members of the association, together with a notice of the time and place when they would be considered, for the notice did not inform the members of the hour of the meeting, or where it would be held, and the directors, unless otherwise prevented by the by-laws, have the power to select the place of meeting.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 66; Dec. Dig. § 54.*]

3. CORPORATIONS (§ 298*)—DIRECTORS—POWERS.
Unless the by-laws otherwise prescribe, the directors of a corporation may select the place of meeting, and they are not bound to meet at the principal place of business of the corporation.
[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1192, 1205, 1206; Dec. Dig. § 298.*]

4. INSURANCE (§ 54*)—MUTUAL ACCIDENT ASSOCIATION—BY-LAWS—AMENDMENTS.
Where the notice that proposed amendments to the by-laws of a mutual assessment accident association would be considered at the next regular meeting of the directors did not specify the place of meeting, that a member, who claimed that the notice was insufficient under the statute to render the adoption of the amendments of any effect against him, knew the location of the main office of the association at which place the meeting was actually held, is immaterial, and cannot validate the defective notice.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 66; Dec. Dig. § 54.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by George Henry Hackler against the International Travelers' Association. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Appellant brought the suit against appellee association, claiming that he suffered total disability to labor for 7 weeks and 1 day, and partial disability to labor for 17 days, by reason of both bones in his right leg being broken by accidental means, entitling him, under the certificate issued to him, and by the laws of the association, to the sum of $202.55. The association answered that the plaintiff's injury was received as a result of and while riding a motocycle, and that under the contract of insurance, and by virtue of section 6, art. 7, of the by-laws in force and existence before and at the time of the injury, the association is not liable for any injuries received by any member under such conditions. The plaintiff by supplemental petition replied that section 6, art. 7, as set up in the answer, is an amendment of the by-laws made since he became a member and obtained his certificate, and that such amendment is invalid as to the plaintiff because the association did not, before the adoption of the amendment, cause the same to be mailed to all the members and directors of such association, together with notices of the time and place when the same would be considered, and same was not so mailed 10 days before the time of such meeting, as required by the statute of the state. In accordance with the verdict of a jury judgment was entered for defendant. The facts admittedly proven are that the appellant was duly admitted into membership in the appellee association in June, 1911, and a certificate was issued to him October 5, 1911, providing for payment of $25 per week when there is disability to labor arising from bodily injuries caused by external, violent, and accidental means. The by-laws of the association provide payment of $10 per week for five weeks for partial disability to labor. By the application for membership and the certificate of indemnity issued it was agreed that the insured would be governed by the by-laws of the association then in force and thereafter to be enacted, and that all pay-

ment and liability for benefits shall be in accordance with the by-laws then in force and such amendments or additional laws as thereafter should be enacted. At the time appellant was admitted to membership and his certificate was issued to him there was no law of the association prohibiting or forbidding payment of indemnity for disability occasioned "while riding motocycles." The appellee association is a mutual accident insurance company, doing business on the assessment plan, and incorporated under the laws of Texas on June 11, 1903, with the charter designating the principal office of the association as Dallas, Dallas county, Tex. Appellant resides in Dallas, Tex., and has resided there all the time during his membership. On the 28th day of September, 1912, the appellant was riding on a motocycle, and in going around a curve in the public road at ordinary and moderate speed the motocycle hit a rock, and appellant was pitched forcibly to the ground, and both bones of his right leg were broken thereby. Appellant at the time of his injury was a member in good standing, and proper proofs required by the association were submitted. The length of time of disability and amount sued for are proven and not contested. The evidence pertaining to the by-law in question is set out further on in discussing the law applicable thereto.

Wood & Wood, of Dallas, for appellant. Seay & Seay, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1-3] The principal question, it appears, made on the trial of the case, and presented by proper assignments here, is whether or not the amended section 6 of article 7 of December 9, 1912, of the by-laws of the association was legally enacted on proper legal notice. It is not doubted that if the amended section was in legal effect, it was binding on the appellant at the time of the accident under the terms of his contract, and he would be precluded of any recovery by reason thereof. And as the evidence in respect to the adoption of the amendment was without dispute, it was incumbent upon the court to decide the question as a matter of law. Article 7 of the by-laws of the association, as originally existing, was, in November, 1911, considered by the officers of the association necessary to be amended by adding thereto, as pertinent here, that the association shall not be liable for any indemnity or benefit for injuries or disabilities resulting "while riding motocycles." The subject-matter of exception mentioned was not in the original section that was in force when appellant became a member on June 11, 1911. The proof in respect thereto admittedly shows that at a regular monthly meeting of the appellee association held in Dallas, Tex., on December 9, 1911, the amendment referred to above of the by-law in question, besides other amendments, was adopted and put into force and effect. Thirty days before December 9, 1911, the secretary and treasurer of the association caused to be mailed to each member and director of the association a notice written on the letter head of "Wm. Hancock, Secretary International Travelers' Association, Dallas, Texas," reading as follows: "To the Members. Please note. Amendment to By-Laws International Travelers' Association. Dallas, Texas, Nov. 4, 1911. Dear Sir: In compliance of the laws of our association and of the laws of Texas we hereby file the foregoing amendments to the several sections and articles mentioned herein, same to be acted upon at the regular monthly meeting of the board of directors Saturday, December 9, 1911 [here follows, fully set out, the several sections of proposed amendments to be acted upon, under the signature of directors]." This was the identical and precise notice mailed to each and every member of the association. The appellant testified that he never received the notice or amendment at any time, and did not attend the meeting, and did not know there had been a meeting or an amendment until after the accident. There is no evidence, through by-laws or otherwise, going to show that the association fixed the particular locality or office or building where the board of directors of the association shall have its meetings, or the time of regular meetings; but the inference of fact is that December 9, 1911, was a regular meeting. The charter of the association fixes its principal office at Dallas, Tex., and the benefit certificate offered in evidence states at its foot, and it is likewise so indorsed on the back, that its home office is Dallas, Tex. Appellant testified: "I knew where their office was, and knew I could get a copy of the by-laws. They are supposed to mail out the by-laws whenever they change them. I am acquainted with Mr. Hancock; he is secretary and treasurer of the International Travelers' Association. In June, 1911, I became a member of this association, and at that time I think this same Mr. Hancock was secretary and treasurer of the association, which said association had an office in Dallas, Tex., and did business there, and its office was in the Wilson Building." He further said: "I never attended any of the annual meetings of the association. I received a notice in January after I was hurt that they were going to have a meeting on January 14th at the Oriental Hotel, but I was unable to attend. The first I ever learned that there was any amendment to the by-laws which excepted motocycle riding was in February, when I went to Mr. Hancock and asked him why he had not mailed my check." The above are the facts shown by the record in respect to the question in hand.

The statute of this state, of 1911, having peculiar application to the appellee association, by article 4800, provides: "Every such corporation must, before the adoption of

any by-laws or amendments thereto, cause the same to be mailed to all the members and directors of such association, together with the notice of the time and place when the same will be considered, and same shall be so mailed at least ten days before the time for such meeting; provided that the provisions of this article shall not apply to by-laws adopted within sixty days after the incorporation of such company." By this section proper notice to all the members of the association is made a prerequisite act to the valid exercise of authority on the part of the board of directors to enact amendments to by-laws. It relates to the jurisdiction of the board of directors to act. It is a well-established rule that when the exercise of corporate power has been regulated by statute, compliance with the statute is essential to the validity of the proceeding. Testing the notice mailed to each member, set out above, by the statute, it appears deficient of compliance with its terms in failing to designate the "place" where the board of directors would consider and take action upon the adoption of the amendments. And the precise hour of the assembling, if it should be required by the statute, is not given. A member reading the notice would readily understand from its face that he was receiving through mail an official notice from the appellee association, issued from Dallas, Tex., that on December 9, 1911, the board of directors would consider, with the view of adoption, the attached amendments proposed to the several sections of the by-laws of the association, and that he, as a member of the association, was so informed thereof. But it could not fairly and properly be said that the member was informed and could understand from the face and words of the notice that a meeting "place" was designated. It not appearing by proof that the by-laws of the association prescribed the place where the regular monthly meeting of the board of directors should be held, the member could not take the notice and the by-laws and determine the place. When the by-laws do not prescribe the place where the directors shall hold regular meetings, the directors themselves have the right to fix the place of any meeting, and they are not bound to meet at the principal place of business of the corporation. One of the essential elements of a notice is the place of meeting. 2 Cook on Corporations (6th Ed.) § 595.

[4] It is believed that the by-law in this case relied on as a defense has not been legally enacted, because of the failure to designate in the notice required by law to be given the "place" where the amendment was to be considered by the board of directors. It is entirely immaterial that the appellant knew where the home office of the association was located. The sufficiency of the notice, being a jurisdictional matter affirma-

tively required for a valid meeting by the board of directors, must be determined entirely from the words of the notice. The statute directs that the "notice" give the time and place of meeting. As a fact appellant did not know of the meeting, and did not attend, and estoppel is not pleaded nor proven.

As the record is made, the judgment must be reversed and here rendered for appellant for $202.55, and all costs of the court below and of appeal.